## Scott v. Taylor et al.

(Decided Sept. 29, 1933.)

444

A. F. CHILDERS for appellant.

W. K. STEELE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 10, 1869, Andrew Scott, who owned a farm in Pike county, divided it between his two sons, John M. Scott and James H. (Harvey) Scott. The appellant and plaintiff below, Roscoe Scott, by inheritance and by purchase from his coheirs, became the owner of the portion allotted to John M. Scott; while in like manner the appellee and defendant below, Blanch Scott Taylor, became the owner of that portion allotted to James H. or Harvey Scott adjoining the John M. Scott allotment. The deeds executed by Andrew Scott to his two sons were made on the same day, but the one to John M. Scott was first completed. In that deed there is this call: "Thence running with the creek up to a lick in the road to the first drain above the lick." From the terminus of that call runs the division line between the tracts conveyed to the two sons and about which there is no dispute as to its course or distance, the controversy being as to where the inserted call terminates.

Plaintiff, claiming that a certain point was the "lick in the road" referred to in the call, and that a drain up the creek just beyond it was the one referred to in that call, filed this action against defendants, alleging that they were asserting that the lick and the drain referred to in the call were located further down the creek and down the road so as to embrace a strip of land about fifty or sixty yards wide that was included in the deed of Andrew Scott to his son John M. Scott, the ancestor of plaintiff, and that such claim and assertion of title constituted a cloud upon plaintiff's title to such contested strip, which he sought to remove.

The answer denied the material averments of the petition and countercontended that the lick in the road referred to in the call of John M. Scott's deed from his father was located at the point where they contended and that the drain just beyond it was the terminus of that call and from which point ran the line between the two conveyed tracts. Following pleadings made the issues and upon submission, after evidence taken, the

court upheld the contention of defendants and dismissed plaintiff's petition, to reverse which he prosecutes this appeal.

The issue, it will be observed, is exclusively one of fact. There was evidence heard sustaining, to some extent at least, the respective contentions of each of the litigants; but the preponderance of the testimony, as well as its persuasive quality, convinces us that the court did not err in locating the terminus of the inserted call at the point he did as being the correct one. The testimony for defendants, consisting of that given by aged neighbors who were born and reared in the immediate vicinity, was to the effect that along the road referred to in the call there was but one "lick," and which was produced by an ever-flowing stream from under a rock upon the top of which was a peculiarly formed oak tree, and from it pools of water accumulated where domestic stock resorted to quench their thirst, and which also formed what the pioneers termed a "deer lick," where game animals resorted for the same purpose until they were exterminated or driven from the country.

It was likewise shown that some thirty or forty feet up the road and beyond that lick there is a drain running down the side of the mountain crossing the road and emptying into Johns creek which ran closely parallel with the road. Such witnesses likewise testified that they had never heard of any "lick" along that road at that point except the one about which they testified. On the other hand, plaintiff's witnesses admitted the existence of the spring and the consequent formation of the lick at the point testified to by defendants' witnesses; but they stated that some fifty or sixty yards beyond that point was another lick and just beyond it was another drain from the side of the mountain, and some of them coincided with plaintiff that the latter drain was the one referred to in Andrew Scott's deed to his two sons; but defendants and their witnesses denied the existence of the second lick testified to by plaintiff and his witnesses, and stated that the conditions producing the alleged lick contended for by plaintiff was nothing more than a mudhole in the road which dried up during many seasons of the year, while the spring about which they testified, and the lick formed

by it, never ceased to flow throughout the most pro-
tracted drought.

In addition to that condition of the testimony on
the location of the terminus of the call supra, it was
proven by defendants that some twenty years or more
ago plaintiff constructed a fence along the drain im-
mediately beyond the lick formed by the spring to which
we have referred, and that before doing so he ap-
proached the father of the defendant, Blanch Scott Tay-
lor, who then owned that portion of the James Harvey
Scott tract, and sought to induce him to pay half the
expenses of constructing that fence upon the theory
that it would be a line fence and the joint property of
the adjoining owners. But that proposition was de-
clined by defendant's father, who stated that he was not
ready to inclose his land extending out to his line on
that boundary; but that, if he ever concluded to do so,
he would join to the fence plaintiff might construct and
would then pay him for half thereof. The witnesses
whom plaintiff employed to build that fence testified, in
substance, that plaintiff claimed it was near his line,
and that they were cautioned by him not to get over the
line but to construct it entirely on his land so as to pre-
vent the adjoining owner from ever attaching to it, and
at the same time he pointed out to them his beginning
corner on the road as being at the mouth of the first
drain beyond the lick formed by the spring. Plaintiff
first stated in his testimony that he had no recollection
of any such conversation with the witnesses who gave
that testimony, but later on he gathered up sufficient
courage to deny their testimony in toto.

It was likewise proven that plaintiff never claimed
any land beyond the land contended for by defendants
until about eighteen months, or less, before the filing of
the action, when he claimed that he was informed by
one Pinson that his line really extended to the point
farther up the road as he now claims in his petition.
The testimony which we have related, together with
other minor facts and circumstances, amply sustains
the finding of the chancellor as to the correct terminus
of the inserted call.

But it is strenuously argued by counsel for plain-
tiff that the formation which defendants insist is the
first drain beyond the lick formed by the spring is not
in fact a drain, but only a slight depression in the

mountain side, and that the first real drain beyond that lick is the one contended for by him and which is a larger drain and carries a larger flow of water. However, in making that contention, plaintiff admits that water flows in what he considers merely the depression, and the proof shows that it is a washed out channel with sloping surface on either side. The fact that it is a smaller drain than the one further up the creek and the road is not material, since the call in the deed says ''to the first drain above the lick,'' with no reference whatever to its size or length. The court found, and the testimony conclusively supports it, that what plaintiff claims is a mere depression in the surface is in reality a small drain, and, it being the first one beyond the lick formed by the spring, which we have determined is the lick referred to in the deed, it necessarily follows that the court correctly interpreted the call and properly dismissed the petition.

Wherefore the judgment is affirmed.